UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN BROOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>PERSONAL PROTECTIVE SERVICES,<br><br>        Defendant.<br>_____/ | No. C-13-03806 DMR<br><br>**ORDER TO SUBMIT ADDITIONAL DOCUMENTATION** |

    On August 16, 2013, Plaintiff Kelvin Brooks filed suit in this Court along with an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] In his "Employment Discrimination Complaint," Plaintiff indicates that he brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and alleges discrimination based upon his race or color and his national origin. Plaintiff indicates that the Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue Letter which he received on or about May 14, 2013. (Compl. 2, 3.) Plaintiff did not attach a copy of the EEOC right-to-sue letter to his Complaint. Plaintiff also appears to allege claims for unpaid wages and missed meal and rest breaks pursuant to provisions of the California Labor Code. (Compl. 2.) Plaintiff attaches a May 1, 2013 letter from the California Labor Commissioner denying his claim of retaliation (Case No. 18731-STORCI), and a February 21, 2012 Order, Decision, or Award of the Labor Commissioner awarding him $4,460.65 in wages, interest, and penalties. (*See* Compl. 2; Exs. 1, 2)

On August 16, 2013, the Clerk issued a Notice to Submit Additional Documentation, notifying Plaintiff that his complaint could not proceed until he submitted his EEOC right-to-sue letter. [Docket No. 4.] Plaintiff did not submitted the requested documentation. On September 18, 2031, the court ordered Plaintiff to respond by October 4, 2013 and explain why this case should not be dismissed for failure to prosecute. [Docket No. 6.] On October 3, 2013, Plaintiff submitted a response in which he states that the EEOC case investigator informed him that "he didn't give right to sue letters and that his determination letter was [Plaintiff's] right to sue letter." [Docket No. 7 (OSC Response).] Plaintiff attached to his response a certification of service by the Labor Commissioner dated May 1, 2013. This document appears to correspond to the Labor Commissioner's May 1, 2013 determination of his retaliation claim, as it lists the same case number. (OSC Response Ex. 1 (listing case number 18731-STORCI).)

A person pursuing a discrimination claim under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or where the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC must "notify the person aggrieved" that he or she can file suit. 42 U.S.C. § 2000e-5(f)(1). Once a person receives an EEOC right-to-sue letter, he or she has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1). A plaintiff must exhaust his or her administrative remedies for a court to have subject matter jurisdiction over Title VII claims. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103-04 (9th Cir. 2008).

Although Plaintiff indicates in his Complaint that he received a right-to-sue letter from the EEOC, he appears to have confused the right-to-sue letter with the documentation he has received from the Labor Commissioner regarding his wage and retaliation claims. Therefore, the court will give Plaintiff one final opportunity to submit the EEOC right-to-sue letter which corresponds to his discrimination claims. Plaintiff shall submit his right-to-sue letter by no later than **November 8, 2013.** Failure to submit the right-to-sue letter by November 8, 2013 may result in dismissal of Plaintiff's discrimination claims.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

IT IS SO ORDERED.

Dated: October 25, 2013

DONNA M. RYU
United States Magistrate Judge

3